UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTAYE D. SINGLETARY,

        Plaintiff,

          v.                          CAUSE NO. 3:26-CV-81-JD-AZ

ACKRITE,

        Defendant.

OPINION AND ORDER

Dontaye D. Singletary, a prisoner without a lawyer, filed a complaint alleging Officer Ackrite violated his Eighth Amendment rights when he threw grenades into the dayroom at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Singletary alleges that, on August 27, 2024, from about 12:00 p.m. to 1:00 p.m., the inmates housed in the one-half side Miami's Protective Housing Unit were not allowed to go to the lunchroom. ECF 1 at 2. Instead, they were directed to sit at tables in the dayroom for several hours. *Id*. Because Singletary and the other inmates were not engaging in any type of disruptive of aggressive behavior, they asked Officer Ackrite if

they could speak to a lieutenant or Captain Morgan about their out of cell time scheduled for later that day. *Id.* However, instead of asking an officer to speak to the inmates, Officer Ackrite threw a grenade filled with rubber pellets into the middle of the dayroom. *Id.* The grenade blew up and hit Singletary in the eye and leg. *Id.* Inmates responded to the grenade by raising their hands and shouting, "heads up, don't shoot" and stated they wanted to speak to higher level officers. *Id.* Officer Ackrite then threw a second grenade into the dayroom where Singletary was hit with pellets. *Id.* At that point, the dayroom was filled with smoke and mace was also coming through the ceiling vents. *Id.* Inmates began to run into each other and continued to hold their hands up shouting "heads up, don't shoot." *Id.* Officer Ackrite ultimately threw a third grenade into the dayroom.[1] *Id.* Thus, Singletary asserts that Officer Ackrite violated his Eighth Amendment rights against cruel and unusual punishment by throwing grenades into the dayroom, which permanently injured his eye. *Id.* at 2-4.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a

---

[1] Once the situation was over, Singletary asked for a nurse to assist him, but he was denied medical care. ECF 1 at 2. He does not say who denied him medical care.

disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id.* at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force can be warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

Here, Singletary alleges Officer Ackrite threw three grenades into the dayroom where he and other inmates were seated at tables. Singletary asserts Officer Ackrite's actions were not justified because he and the other inmates were not engaged in any type of disruptive or aggressive behavior. *See e.g., Lewis*, 581 F.3d at 477. He contends pellets from the grenades hit him, causing him permanent injury to his eye. Although the details about the incident are sparse and further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving

3

Singletary the benefit of the inferences to which he is entitled—he has stated a plausible Eighth Amendment excessive force claim against Officer Ackrite.

For these reasons, the court:

(1) GRANTS Dontaye D. Singletary leave to proceed against Officer Ackrite in his individual capacity for compensatory and punitive damages for subjecting him to excessive force in violation of the Eighth Amendment when he threw grenades into the dayroom on August 27, 2024;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Ackrite at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ackrite to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 28, 2026

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4